IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELENI CRUISE,

      Plaintiff,                  Case No.:

v.

JEA,

      Defendant.

_____/

## COMPLAINT FOR RELIEF AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Eleni Cruise, by and through his undersigned attorney, and files this Complaint and Demand for Jury Trial against Defendant JEA, and in support thereof states as follows:

## NATURE OF ACTION

1.    This is an action against Defendant to recover damages stemming from Defendant's violations of the Americans with Disabilities Act ("ADA") as amended by the ADA Amendments Act ("ADAAA"), 42 U.S.C. §§ 12101-12213 (collectively, the "ADA").

2.    This is an action against Defendant to recover damages stemming from Defendant's violation of the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11, Fla. Stat.

## PARTIES, JURISDICTION, AND VENUE

3.    Plaintiff is a resident of Jacksonville, Florida.

4.    JEA is a body politic and municipal entity authorized to conduct business and conducting business in Jacksonville, Florida

5.    The actions alleged in this Complaint took place in Jacksonville, Florida.

6.    Jurisdiction of the Court is based upon 28 U.S.C. § 1331, which grants the district courts with original jurisdiction over civil actions arising under federal law, and 28 U.S.C. § 1367, which grants the district courts with supplemental jurisdiction over substantially related state law claims.

7.    Venue is therefore proper in this Court.

## SATISFACTION OF CONDITIONS PRECEDENT

8.    On December 18, 2018, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission.

9.    Plaintiff was issued a right to sue notice on October 13, 2022.

10.    The parties entered into a tolling agreement to provide time to mediate Plaintiff's claims, extending Plaintiff's deadline to file suit until February 28, 2023.

11.    Plaintiff's Complaint has been timely filed within the time provided by the tolling agreement.

## FACTUAL ALLEGATIONS

12.     Plaintiff worked for Defendant for approximately 16 years before she was terminated.

13.     During her tenure, Plaintiff's work performance met or exceeded Defendant's legitimate expectations. Reviews of Plaintiff's performance were consistently satisfactory.

14.     As a result of Plaintiff's disability/handicap ("disability"), major life activities, such as hearing and being around large crowds, are substantially limited.

15.     Following her diagnosis, Plaintiff informed Defendant, through her supervisor, that she would require reasonable accommodations based on her disability, which manifests through symptoms of heightened anxiety.

16.     Plaintiff has two other disabilities, which cause her weakness and impair her hearing.

17.     Despite the symptoms of her disabilities, Plaintiff was able to perform all of her job duties with or without accommodation.

18.     In 2017 and 2018, Plaintiff signed letters for contract employees' H1B1 visas.

19.     The practice of signing H1B1 letters was commonplace, and it was not abnormal for an employee in Plaintiff's position to sign such a letter.

Plaintiff's act of signing the letter was not improper and did not violate any of JEA's rules or procedures.

20.     Upon Defendant's questioning her about the practice of signing H1B1 visa letters, Plaintiff recalled the 2018 letter, but did not immediately recall the 2017 letter until it was shown to her.  Rather than logically conclude that Plaintiff may have understandably forgotten the older document, Defendant illogically claimed that Plaintiff's inability to recall the 2017 letter somehow constituted dishonesty.

21.     Despite the fact that signing the H1B1 was consistent with JEA's applicable rules, regulations, and past practice, and based on an implausible conclusion that Plaintiff had been dishonest about recalling an earlier letter, on August 2, 2018, Defendant issued to Plaintiff both a termination letter and a resignation letter, each drafted by Defendant.

22.     Defendant instructed Plaintiff that she was required to sign one of the letters within 24 hours. Plaintiff had no means of appealing the termination, based on the nature of her position with Defendant, so based on the options given to her, Plaintiff drafted her own resignation letter and returned it Defendant.

23.     Defendant took little or no action against other employees who had engaged in the same conduct.

4

24.     While Defendant claims that the termination was for alleged dishonesty in initially forgetting about an earlier letter, Defendant could not have reasonably concluded that the circumstances established dishonesty.

25.     Indeed, Defendant's allegation that Plaintiff was dishonest regarding the 2017 letter is evidence of pretext, given that Plaintiff admitted to having sign such letters in the past, and admitted to signing the letter as soon as she was provided a copy of the letter in question. No reasonable employer would have concluded that an initial inability to immediately recall the 2017 letter constituted dishonesty, when Plaintiff admitted to signing it once she was presented with the letter in question.

### COUNT I: DISCRIMINATION PURSUANT TO THE AMERICANS WITH DISABILITIES AMENDMENT ACT

26.     Plaintiff incorporates paragraphs 1-23 as if fully restated herein.

27.     Plaintiff is an individual with a disability within the meaning of the ADAAA.

28.     Defendant discriminated against Plaintiff by terminating her because of her disability or perceived disability or history of disability.

29.     As a direct and proximate result of Defendant's discrimination because of Plaintiff's disability, Defendant has caused Plaintiff to suffer substantial pecuniary damages, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment for Plaintiff and against Defendant, enjoining Defendant from discriminating in the future on the basis of an employee's disability, awarding lost past and future wages and benefits as well as liquidated damages, with interest, her reasonable attorneys' fees and costs of this action, and such other relief as this Court deems appropriate.

## COUNT II: DISCRIMINATION PURSUANT TO THE FLORIDA CIVIL RIGHTS ACT

30.     Plaintiff incorporates paragraphs 1-5 and 10-23 as if fully restated herein.

31.     Plaintiff is an individual with a handicap within the meaning of the FCRA.

32.     Defendant discriminated against Plaintiff by terminating her because of her handicap or perceived handicap or history of handicap.

33.     As a direct and proximate result of Defendant's discrimination because of Plaintiff's handicap, Defendant has caused Plaintiff to suffer substantial pecuniary damages, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for Plaintiff and against Defendant enjoining Defendant from discriminating in the future on the basis of an employee's handicap, awarding

compensatory damages to Plaintiff for lost past and future wages and benefits, as well as emotional pain, suffering, and humiliation, with interest, her reasonable attorneys' fees and costs of this action, and such other relief as this Court deems appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 28th day of February 2023.

**DELEGAL & POINDEXTER P.A.**

/s/ T.A. "Tad" Delegal, III.
**T.A. "Tad" Delegal, III**
FL Bar No. 0892701
Email: tad@delegal.net
**James C. Poindexter**
FL Bar No. 116039
Email: james@delegal.net
**Alexandra E. Underkofler**
Fla. Bar No.: 1018209
Email: alex@delegal.net
424 East Monroe Street
Jacksonville, FL 32202
Phone (904) 633-5000
Facsimile (904) 358-2850